UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Anita Straub,<br>    Plaintiff<br>v.<br><br>Sea Island Produce, Inc. and Military Produce Group, LLC,<br>    Defendants. | Case No.: 9:21-cv-00612-BHH-MHC<br><br>**COMPLAINT**<br>(Jury Trial Requested) |

## **JURISDICTION AND PARTIES**

1. This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.*

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. A charge of employment discrimination on basis of gender and sexual harassment was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b. Notification of the Right to Sue was received from the Equal Employment Opportunity Commission on or about December 21, 2020.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. Plaintiff, Anita Straub, is a citizen and resident of the State of South Carolina, and resides in Beaufort County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the County of Beaufort, State of South Carolina.

5. Defendant Sea Island Produce, Inc., upon information and belief, is a foreign corporation organized in the State of Virginia, operating under the laws of the State of South Carolina and does business in Beaufort County.

6. Defendant, Military Produce Group, LLC, upon information and belief, is a foreign corporation organized in the State of Virginia, operating under the laws of the State of South Carolina and does business in Beaufort County.

7. Defendants are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendants are an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. Defendants employ fifteen (15) or more employees and are "employers" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. The parties, matters, and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

11. On or about June 4, 2019, Plaintiff began working for Defendants. At all times, Plaintiff was effective and efficient in her employment.

12. During Plaintiff's employment, she was subjected to inappropriate sexual advances, comments and gestures by Defendants' Produce Manager, Raymond Lane.

13. Mr. Lane would constantly make noises such as "mmm, mmm" when Plaintiff bent over and would tell her how "good she looks." Mr. Lane would also grab Plaintiff's shoulders and run his fingers through her hair. Plaintiff repeatedly asked Mr. Lane to stop.

14. In or about December 2019, Plaintiff reported the sexual harassment to her supervisor, Mr. Hampton, and she requested a transfer to avoid further harassment. Mr. Hampton declined Plaintiff's request to transfer and did not take any action to stop the sexual harassment.

15. After Plaintiff's complaints, she was forced to continue to work with Mr. Lane and the harassment and inappropriate behavior continued, thereby creating a hostile work environment.

16. In or about January 2020, Mr. Lane became physically aggressive and chased the Plaintiff through the store's warehouse.

17. The Plaintiff immediately reported the incident to Mr. Hampton, but instead of disciplining Mr. Lane, the Plaintiff was suspended and subsequently was terminated from her position.

18. The Plaintiff was terminated solely as a result of her reports of sexual harassment.

19. It was the duty of the Defendants, by and through their agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

20. Despite the Plaintiff reporting Mr. Lane's inappropriate behavior, Defendants did not take action to resolve her complaints and instead disciplined the Plaintiff for Mr. Lane's inappropriate behavior upon her.

21. That the unjust disciplinary actions and termination of Plaintiff was the response by Defendants, their agents and servants, to Plaintiff's reports and complaints of the lewd and inappropriate behavior of Mr. Lane.

22. That the aforesaid conduct of Defendants, their agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; created a hostile work environment; and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

23. As a direct and proximate result of the acts and practices of Defendants in discriminating against Plaintiff, creating a hostile work environment and in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A FIRST CAUSE OF ACTION
## Sexual Harassment - Title VII of Civil Rights Act of 1964

24. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

25. Defendants, as Plaintiff and Mr. Lane's employer, were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

   a. In visual, physical, and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

   b. In continually allowing Mr. Lane to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner; and

   c. In other particulars which discovery may show.

26. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendants, Plaintiff has suffered injuries, both physically and mentally.

## FOR A SECOND CAUSE OF ACTION
## Hostile Work Environment - Title VII of Civil Rights Act of 1964

27. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

28. Once Plaintiff asserted her rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), Plaintiff was subjected to adverse terms and conditions by the Defendants, thereby causing a hostile work environment.

29. The Defendants' wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constituted a hostile work environment for the Plaintiff. The Defendants violated Title

VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), by allowing a hostile work environment to exist in the workplace.

## FOR A THIRD CAUSE OF ACTION
## Retaliation - Title VII of Civil Rights Act of 1964

30. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

31. That as alleged above, Plaintiff complained to the Defendants about the sexual harassment by Mr. Lane.

32. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

33. That shortly after making said complaints, the Defendants fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

34. Any of Defendants' stated reasons for retaliation and wrongful discharge are mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

35. The Plaintiff's reports of sexual harassment were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of sexual harassment, she would not have been terminated.

36. The Defendants were wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

37. That the aforesaid conduct of Defendants, their agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

38. In failing to protect the Plaintiff from retaliation, the Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

39. The Defendants violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

40. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries.

41. That the Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## REQUEST FOR RELIEF

42. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

43. Due to the acts of the Defendants, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

44. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendants with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendants for pain and suffering, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendants, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/*Emily Hanewicz Tong*
Emily Hanewicz Tong (Fed. I.D. #12177)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
This 3rd day of March, 2021